IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

   Vs.                            No.  09-40031-01-SAC

GONZALO P. MALDONADO,

        Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant's "motion to
be given prior jail credit time." (Dk. 73). On February 2, 2010, the court
imposed a sentence of imprisonment for 60 months on a conviction for a 18
U.S.C. § 1952(a)(3) violation, interstate transportation in aid of
racketeering. (Dk. 71). The defendant subsequently filed the pending
motion asking that he should be credited with the time from his arrest by
the Kansas Highway Patrol on February 17, 2009.

        "A defendant shall be given credit toward the service of a term
of imprisonment for any time he has spent in official detention prior to the
date the sentence commences---(1) as a result of the offense for which the
sentence was imposed." 18 U.S.C. § 3585(b)(1). Jurisdiction to award
credit under § 3585(b) resides not with the sentencing court but "with the

Attorney General, as exercised by the federal Bureau of Prisons." *United States v. Brown*, 212 Fed. Appx. 747, 755 (10th Cir. 2007) (citing *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994)). The Supreme Court has held that § 3585(b) does not authorize a district court to compute a sentence credit at sentencing for time served in pretrial detention. *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). Under *Wilson*, "only the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." *United States v. Jenkins*, 38 F.3d at 1144. This calculation of sentence credit occurs when the Bureau of Prisons imprisons a defendant. *See United States v. Wilson*, 503 U.S. at 334-35.

It is not apparent from the defendant's motion that the Bureau of Prisons has made a sentencing-credit determination. The defendant must look first to the Bureau for this calculation. Should he be dissatisfied with the result, the defendant may seek judicial review only after exhausting administrative remedies. *See United States v. Wilson*, 503 U.S. at 335 ("Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative

remedies." (citations omitted)); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam) (analyzing exhaustion requirement under statutory predecessor of § 3585(b)). "These are 'well-established procedures,' which Congress did not intend to change when it replaced § 3568 with § 3585(b)." *Nguyen v. Booker*, 156 F.3d 1244, 1998 WL 568285 (10th Cir. 1998) (Table) (quoting *Wilson*, 503 U.S. at 336). The Bureau's Administrative Remedy Program is set forth at 28 C.F.R. §§ 542.10 to 542.19. *Reed v. United States*, 262 Fed. Appx. 114, 116, 2008 WL 228027 at *2 (10th Cir. 2008). The defendant's motion fails to show that he has exhausted his administrative remedies before filing this motion.

IT IS THEREFORE ORDERED that the defendant's motion to be given prior jail credit time (Dk. 73) is dismissed for lack of jurisdiction.

Dated this 22nd day of September, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge